OPINION
{¶ 1} Alicia McAlmont was convicted by a jury in the Clark County Court of Common Pleas of one count each of felony murder, in violation of R.C. 2903.02(B); aggravated robbery, in violation of R.C. 2911.01(A)(3); involuntary manslaughter, in violation of R.C. 2903.04(A); and theft, in violation of R.C. 2913.02(A)(1). At sentencing, the state elected to proceed on the charges of murder and aggravated robbery. McAlmont was sentenced to fifteen years to life on the murder charge and to three years on the aggravated robbery charge, to be served consecutively. McAlmont appeals, raising alleged juror misconduct and improper ex parte communications between court staff and the jury during deliberations.
 {¶ 2} According to the state's evidence, on June 7, 2005, McAlmont took her sister's rented Ford Taurus and drove with three companions — Mahogany Patterson, Toneisha Gunnell, and Renada Manns — to the Upper Valley Mall in Springfield, Ohio. The women went to several stores, including Old Navy, and they took several items without paying for them. The women apparently placed the items from Old Navy in the trunk of their car. Patterson, McAlmont, and Gunnell returned to the mall to continue shoplifting at Macy's while Manns waited outside in the car. While Manns' companions were in Macy's, the vehicle was parked at the northern set of doors, parked along the curb and facing southward toward on-coming traffic.
 {¶ 3} At approximately 3:30 p.m., the three women ran out of Macy's with several items of clothing on hangers and entered the vehicle. Chris Clarkson, a Macy's loss prevention officer, emerged from the doors near the security office and attempted to apprehend them. At that time, John Deselem was returning to Macy's after retrieving his girlfriend's purse from their car, which was parked in a handicap space across from the southern set of doors into the store. As the women sped off in their vehicle, Deselem waved his arms at them in an effort to stop them. Manns hit Deselem with the car, resulting in fatal injuries. Manns drove out of the mall parking lot without stopping or slowing down.
 {¶ 4} Shortly afterward, the Taurus was located in the ditch along Cardinal Drive with numerous articles of clothing in the backseat and in the trunk. Manns', McAlmont's, and Gunnell's palm and fingerprints were located in several places on the vehicle and on other items left in the car. The following day, Manns, McAlmont, Gunnell, and Patterson each surrendered to the police department in Columbus, Ohio.
 {¶ 5} On June 20, 2005, McAlmont, Manns, Gunnell, and Patterson were indicted for murder, aggravated robbery, involuntary manslaughter, and theft. On November 1-4, 2005, they were tried together. As stated above, McAlmont was convicted of each count, and she was sentenced accordingly for murder and aggravated robbery. On November 17, 2005, McAlmont asked the court to set aside the verdict and order a new trial, arguing that the jury forewoman had discussed the trial and reached conclusions about McAlmont's guilt through discussions with her boyfriend, which occurred prior to deliberations. On January 4, 2006, the trial court overruled McAlmont's motion. McAlmont appeals from her convictions and the trial court's denial of her motion for a new trial.
 {¶ 6} McAlmont's co-defendants have also appealed from their convictions. State v. Manns, Clark App. No. 2005-CA-131, 2006-Ohio-5802;State v. Patterson, Clark App. No. 2005-CA-128; State v. Gunnell, Clark App. No. 2005-CA-119. We have not yet ruled on Patterson's or Gunnell's appeal. In our disposition of Manns' appeal, the majority concluded that the state violated Batson v. Kentucky (1986), 476 U.S. 79, 85,106 S.Ct. 1712, 90 L.Ed.2d 69, when it excused an African-American prospective juror. Accordingly, Manns' conviction has been reversed and her case remanded to the trial court for further proceedings. Although McAlmont did not originally assert an assignment of error under Batson, she has requested permission to raise that issue in a supplemental brief. We find that no additional briefing is necessary, that Batson has now been appropriately raised, and that McAlmont is entitled to the benefit of our ruling in Manns. Accordingly, McAlmont's conviction will likewise be reversed due to a Batson violation and the case remanded for further proceedings.
 {¶ 7} In her first assignment of error, McAlmont asserts that the trial court erred in failing to set aside the verdict and grant her a new trial, because she demonstrated that a particular juror was not impartial. McAlmont relied upon a letter from the former boyfriend of the juror and affidavits from her attorney. Because McAlmont's conviction will be reversed under Batson and any new trial will involve a new panel of jurors, the first assignment of error is overruled as moot.
 {¶ 8} In her second assignment of error, McAlmont claims that the trial court committed prejudicial error when it answered a jury question during deliberations, through the bailiff, without the presence of McAlmont and her attorney. We addressed and rejected a similar argument in Manns. Upon reviewing the record, we concluded in Manns that, although the trial court clearly erred in communicating with the jurors through his bailiff and outside of the presence of the defendant and her counsel, the error was harmless beyond a reasonable doubt. McAlmont's assignment of error is likewise without merit and is, accordingly, overruled.
 {¶ 9} The judgment of the trial court will be reversed and the cause remanded for further proceedings.
BROGAN, J. and WALTERS, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).