OPINION
{¶ 1} Toneisha Gunnell was convicted by a jury in the Clark County Court of Common Pleas of one count each of felony murder, in violation of R.C. 2903.02(B); aggravated robbery, in violation of R.C.2911.01(A)(3); involuntary manslaughter, in violation of R.C.2903.04(A); *Page 2 
and theft, in violation of R.C. 2913.02(A)(1). At sentencing, the state elected to proceed on the charges of murder and aggravated robbery. Gunnell was sentenced to fifteen years to life in prison on the murder charge and to ten years in prison on the aggravated robbery charge, to be served consecutively. Gunnell appeals, raising an alleged violation of Batson v. Kentucky (1986), 476 U.S. 79, 85, 106 S.Ct. 1712,90 L.Ed.2d 69, and prosecutorial misconduct.
 {¶ 2} According to the state's evidence, on June 7, 2005, Alicia McAlmont took her sister's rented Ford Taurus and drove with three companions — Toneisha Gunnell, Mahogany Patterson, and Renada Manns — to the Upper Valley Mall in Springfield, Ohio. The women went to several stores, including Old Navy, and they took several items without paying for them. The women apparently placed the items from Old Navy in the trunk of their car. Gunnell, Patterson, and McAlmont returned to the mall to continue shoplifting at Macy's while Manns waited outside in the car. While Manns's companions were in Macy's, the vehicle was parked at the northern set of doors along the curb and facing southward toward on-coming traffic.
 {¶ 3} At approximately 3:30 p.m., the three women ran out of Macy's with several items of clothing on hangers and entered the vehicle. Chris Clarkson, a Macy's loss prevention officer, emerged from the doors near the security office and attempted to apprehend them. At that time, John Deselem was returning to Macy's after retrieving his girlfriend's purse from their car, which was parked in a handicap space across from the southern set of doors into the store. As the women sped off in their vehicle, Deselem waved his arms at them in an effort to stop them. Manns hit Deselem with the car, resulting in fatal injuries. Manns drove out of the mall parking lot without stopping or slowing down. *Page 3 
 {¶ 4} Shortly afterward, the Taurus was located in the ditch along Cardinal Drive with numerous articles of clothing in the backseat and in the trunk. Manns's, McAlmont's, and GunnelPs palm and fingerprints were located in several places on the vehicle and on other items left in the car. The following day, the four women each surrendered to the police department in Columbus, Ohio.
 {¶ 5} On June 20, 2005, Gunnell, McAlmont, Manns, and Patterson were indicted for murder, aggravated robbery, involuntary manslaughter, and theft. On November 1-4, 2005, they were tried together before a jury. As stated above, Gunnell was convicted of each count, and she was sentenced accordingly for murder and aggravated robbery.
 {¶ 6} On November 8, 2005, Gunnell asked the court to set aside the verdict and, alternatively, to order a new trial, arguing that the state did not satisfy its burden of proof and that there were numerous errors during the trial, including that the court answered a jury question during deliberations through its bailiff and without notice to counsel. On November 17, 2005, Gunnell asserted an additional basis for a new trial, i.e., that a juror had not been truthful during voir dire. On January 4, 2006, the trial court overruled Gunnell's motions. Gunnell appeals from her convictions.
 {¶ 7} In her first assignment of error, Gunnell claims that the state violated Batson when it excused an African-American prospective juror during voir dire. As noted by Gunnell, we previously reversed the convictions of her co-defendants due to a Batson violation and remanded their cases to the trial court for further proceedings. State v.Manns, Clark App. No. 2005-CA-131, 2006-Ohio-5802; State v.Patterson, Clark App. No. 2005-CA-128, 2007-Ohio-29; State v.McAlmont, Clark App. No. 2005-CA-119, 2006-Ohio-6838. *Page 4 
For the reasons set forth by the majority in Manns andPatterson, Gunnell's conviction will likewise be reversed due to aBatson violation and the case remanded for further proceedings.
 {¶ 8} In her second assignment of error, Gunnell claims that the prosecutor engaged in misconduct, resulting in an unfair trial. In light of our disposition of the first assignment of error, Gunnell's second assignment of error is moot.
 {¶ 9} The judgment of the trial court will be reversed and the cause remanded for further proceedings.
 BROGAN, J. and FAIN, J., concur. *Page 1